IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kari Pardo,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>            Defendant. | No. CV-14-02307-TUC-CKJ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Kari Pardo brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). Pardo filed an opening brief, the Commissioner filed a brief, and Pardo filed a reply. (Docs. 19, 20, 21.) Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends the District Court, after its independent review, remand for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

From 1997 to 2011, Pardo did administrative office work, data entry, phone calls, filing, etc. (Administrative Record (AR) 122, 142-44.) Pardo filed an application for Disability Insurance Benefits (DIB) on September 1, 2011. (AR 105.) She alleged disability from March 16, 2011. (*Id.*)

Pardo's application for DIB was denied upon initial review (AR 39-45) and on reconsideration (AR 47-53). A hearing was held before an ALJ on February 22, 2013. (AR 22-37.) The ALJ found Pardo had medically determinable impairments, carpal

tunnel syndrome, rheumatoid arthritis, and plantar fasciitis. (AR 13.) However, the ALJ concluded the impairments did not significantly limit Pardo's ability to do basic work activities; therefore, she found Pardo's impairments were not severe at Step Two. (*Id.*) The Appeals Council denied Pardo's request to review the ALJ's decision. (AR 1.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate DIB claims. 20 C.F.R. § 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. § 404.1520(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019

(quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Pardo argues the ALJ committed four errors: (1) the ALJ erroneously evaluated Pardo's credibility; (2) the ALJ erred in rejecting the evaluation of vocational expert Philip Shapiro; (3) the ALJ improperly weighed treating physician testimony; and (4) the ALJ erred in failing to fully develop the record.

**Credibility**

Pardo testified that she could stand from thirty minutes to an hour-and-a-half depending on the pain in her foot, sit for two to three hours, and lift at most ten pounds. (AR 31.) She also testified that she does not use a computer because it causes her hands to ache and that she has a pain level of 8 out of 10 all the time. (AR 32.) The ALJ found Pardo's testimony was not entirely credible. (AR 14.)

Pardo challenges the ALJ's finding on her credibility regarding her symptoms because it was not based on consideration of the entire record. Defendant contends that a determination of severity at Step Two is based solely on objective medical evidence. Implicit in Defendant's argument is her contention that credibility is irrelevant to a Step Two ruling;[1] therefore, she did not respond to Pardo's credibility argument.

Defendant's position is based on Social Security Ruling 85-28, which states that "[a]t the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do work related activities."

---

[1] Defendant contradicts herself by acknowledging that a claimant's pain and other symptoms must be considered at Step Two. (Doc. 20 at 5.)

SSR 85-28 at 3. Looking at the governing regulations and all the relevant Social Security Rulings, it is evident Defendant has interpreted this language too narrowly. Read in context, it appears that in SSR 85-28, the Social Security Administration was clarifying that a person can be found not disabled at Step Two based solely on their medical impairments without considering the claimant's age, education, or past work. *Id.* While Step Two is limited solely to evaluating a person's medically determinable impairments, it is not limited strictly to objective medical evidence.

This finding is confirmed by the regulations, which provide: "[y]our symptoms such as pain, fatigue, shortness of breath, weakness, or nervousness, are considered in making a determination as to whether your impairment or combination of impairments is severe." 20 C.F.R. § 1529(d)(1). Social Security Regulation 96-3 states unequivocally "[b]ecause a determination whether an impairment(s) is severe requires an assessment of the functionally limiting effects of an impairment(s), symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process." It is true that before reaching the question of severity, the ALJ must find that a claimant has one or more medically determinable impairments that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 1529(b); SSR 96-7p. The ALJ made such a finding in this case. (AR 14.) Next, the ALJ is required to evaluate the "intensity, persistence, and limiting effects of the individual's symptoms." 20 C.F.R. § 1529(c). When a claimant's statements about her symptoms are not substantiated by the objective medical evidence, the ALJ must make a credibility finding. SSR 96-7p.

That two-step process set forth above was followed by the ALJ in this case (AR 14) with an understanding that she was required to evaluate the claimant's credibility at Step Two (despite the Commissioner's contrary argument before this Court). However, the ALJ proceeded to discount Pardo's credibility solely because she determined her symptom testimony was not supported by the objective medical evidence. (AR14-16.) This was error. 20 C.F.R. § 1529(c)(2) ("we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your

1  symptoms have on your ability to work solely because the available objective medical
2  evidence does not substantiate your statements."); *see also Light v. Soc. Sec. Admin.*, 119
3  F.3d 789, 792 (9th Cir. 1997); SSR 96-7p. Further, if symptoms cause a limitation with
4  "more than a minimal effect on an individual's ability to do basic work activities, the
5  adjudicator must find that the impairment is severe and proceed to the next step in the
6  process even if the objective medical evidence would not in itself establish that the
7  impairment is severe." SSR96-3p at 2; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.
8  1996) ("the step-two inquiry is a *de minimis* screening device to dispose of groundless
9  claims," when the claimant's impairments amount to only a "slight abnormality" with a
10 minimal effect on her ability to work). Upon remand, the ALJ must consider all record
11 evidence in evaluating Pardo's credibility as to the intensity, persistence, and limiting
12 effects of her symptoms. 20 C.F.R. § 1529(c); SSR 96-7p.

**Vocational Expert**

Pardo submitted a vocational evaluation by Philip Shapiro. (AR 270-82.) The ALJ rejected his report because Shapiro did not provide Pardo treatment and he is not a medical practitioner.[2] (AR 16.) Shapiro did not purport to be a medical source or to have treated Pardo; rather, he conducted vocational testing and opined within his area of expertise. Although not a medical opinion to be considered under 20 C.F.R. § 1527(c)(3), as argued by Pardo (Doc. 19 at 22), his report qualifies as "other source evidence" relevant to the severity of Pardo's impairments and her ability to work. *See* 20 C.F.R. §§ 1513(d), 1520(a)(3), 1529(c)(1) & (3). The ALJ's rejection of his opinion was not based upon germane reasons and, thus, it was error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

---

[2] The ALJ also stated that Shapiro concluded any employer could accommodate Pardo with job modifications. (AR 16.) This is an inaccurate representation of his opinion. Shapiro opined that Pardo would have difficulty finding competitive employment due to slow work speeds and hand pain. (AR 282.) He further stated that if she found employment, she would likely "require an accommodating employer, as well as job modifications." (*Id.*)

- 5 -

**Physician's Opinion**

Pardo argues the ALJ erred in rejecting the opinion of treating physician Ore-Giron. In February 2013, Dr. Ore-Giron opined that Pardo had permanent impairments due to rheumatoid arthritis, plantar fasciitis, and right carpal tunnel syndrome. (AR 284.) He determined that she could: occasionally lift 10 pounds and frequently lift less than 10 pounds; stand/walk less than 2 hours and sit about 3 hours, with need to change position frequently and at will; occasionally twist, stoop, and climb stairs; and never crouch or climb ladders. (AR 283-85.) The ALJ stated that she gave "less weight" to Dr. Ore-Giron's opinion because "the objective medical evidence does not support the severity of the claimant's symptoms." (AR 16.) She further stated that her opinion that Pardo was not disabled was based on the "weak objective medical evidence and the findings by consultative examiner Jeri B. Hassman, M.D." (*Id.*)

Generally, a treating physician's opinion is afforded more weight than the opinion of an examining physician, and an examining physician's opinion is afforded more weight than a non-examining or reviewing physician's opinion. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). When there are contradictory medical opinions, to reject a treating physician's opinion, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, Dr. Ore-Giron's opinion is contradicted by that of consulting examining physician Dr. Jeri Hassman, who found Pardo had no limitations lasting for a period of 12 months. (AR 224.)

Dr. Hassman conducted a physical exam of Pardo and found a very minimally positive Tinel's test (for carpal tunnel) over Pardo's right medial elbow, but negative results at other locations. (AR 221.) Dr. Hassman found little or no tenderness of the hand joints that Pardo indicated were painful, no joint swelling as to either hand, no swelling in the lower extremities including her right foot, and no pain on flexion of her right foot. (AR 222.) Pardo exhibited normal fine motor coordination, normal sensation of her upper extremities, and full range of motion from her fingers to her shoulders and in her lower

extremities. (*Id.*) Pardo's right grip strength was somewhat weaker than her left, but within the normal range. (*Id.*) Dr. Hassman observed normal ambulation without pain, and that Pardo exhibited an ability to walk on her toes and heels, tandem walk, hop, bend, and kneel. (*Id.*)

When an examining physician relies on independent clinical findings that differ from the treating source, as is the case with Dr. Hassman, the non-treating source's findings can constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Thus, the ALJ did not err in relying on Dr. Hassman's opinion to reject the opinion of Dr. Ore-Giron. In addition, the ALJ pointed to other objective findings in the record supporting her conclusion. By May 2011, Pardo's surgeon found her neurologic symptoms were resolved post-surgeries. (AR 186-87.) X-rays taken of Pardo's hands, in May 2012, were normal. (AR 236-37.) And, on December 12, 2012, Dr. Ore-Giron found normal range of motion, muscle strength and stability in all extremities, with no pain on inspection. (AR 288.)

There is record evidence to the contrary, some of which the ALJ did not acknowledge[3] – Pardo's surgeon found continued weakness on her right side in May 2011, concluding she needed more strength before she could work (AR 186); on August 16, 2011, Dr. Breidenbach found Pardo had continued compression of the nerve at both carpal tunnels and pronator teres, based on a positive Tinel's test at left wrist, right elbow, bilateral infraclavicular position, and bilateral pronator teres (AR 214); NP Amelia Robles found slight swelling of Pardo's right hand and foot during a February 2012 examination (AR 218); in May 2012, Dr. Ore-Giron observed mild arthritic changes in Pardo's hands, including mild pain with motion, a painful left plantar heel, and

---

[3] The Court includes only symptoms clearly noted by a medical source as something the source observed, not symptoms reported by Pardo that were not verified during a physical exam. For example, Pardo asserts that Dr. Ore-Giron observed her limping, joint pain, swelling, and tenderness aggravated by movement. (AR 20 (citing AR 232-33).) Those symptoms were reported by Pardo (AR 232-33); however, upon physical exam, the doctor found only bilateral foot and ankle pain. (AR 234.)

1 bilateral lower leg edema (AR 240); in June and December 2012, Dr. Ore-Giron found
2 some pain in Pardo's feet and hands (AR 234, 292). Regardless, as stated above, Dr.
3 Hassman's opinion constitutes substantial evidence and the ALJ's interpretation of the
4 evidence is rational. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005)
5 (concluding that when evidence is susceptible to more than one rational interpretation,
6 the Court must uphold the ALJ's rational interpretation).

**Record Development**

Pardo argues the medical evidence of record triggered the ALJ's obligation to further develop the record before determining the severity of her impairments. However, Pardo has not pointed to any relevant additional evidence the ALJ failed to obtain. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (finding ALJ must obtain additional evidence only when she determines the record is ambiguous or is not adequate to allow her to evaluate the evidence).

**CONCLUSION AND RECOMMENDATION**

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

The Court finds the ALJ erred in her assessment of Pardo's credibility and Shapiro's vocational evaluation. This requires a remand for further proceedings. If upon remand, the ALJ finds that Pardo establishes a severe impairment(s) at Step Two, the ALJ must proceed through an analysis of the remaining steps. Pardo recognizes that outstanding issues remain for the ALJ to resolve, because the only remedy she seeks is a remand for further proceedings. Therefore, the Magistrate Judge recommends the District Court, after its independent review, enter an order granting Plaintiff's request to reverse the Commissioner's final decision and remand to the ALJ to conduct further proceedings.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 2nd day of February, 2016.

D. Thomas Ferraro
United States Magistrate Judge